# Mason Fruit Jar Co. *v.* Solomon Smucker & Co., Appellants.

*Contract—Receipt—Settlement of disputes—Interest.*

Plaintiff sold a lot of fruit jars to defendants about which a dispute arose which was finally settled by defendants giving plaintiff an order for a number of fruit jars and their notes for the price. Plaintiff gave a receipt for the notes in which it said " these notes are settlement for 1600 gross fruit jars . . . of our best make, and to be delivered as ordered." It also added to the receipt against the protest of the defendants these words: " This settlement does not include interest from September 30 to March 24 not yet settled." There was no evidence of any agreement to pay interest upon any sum for any time previous to the execution of the notes. *Held,* (1) that the receipt alone would not support a verdict against the defendants for the interest; (2) that evidence tending to establish or to negative the existence of an agreement by the defendants to pay the plaintiff the interest claimed was admissible in a suit for the interest; (3) that defendants were entitled to show that they had made no agreement to pay the plaintiff interest on any sum; (4) that conversations between the parties in relation to the interest, whether occurring at, before, or subsequent to the execution of the notes and the receipt were relevant.

Argued Jan. 16, 1896. Appeal, No. 122, July T., 1895, by defendants, from judgment of C. P. No. 3, Phila. Co., March T., 1894, No. 690, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

At the trial it appeared that on February 9, 1892, and shortly thereafter the defendants by several contracts agreed to purchase from plaintiff 2450 gross of fruit jars. The defendants accepted and paid for 800 gross but refused to accept any more, claiming that they were not according to contract. On March 24, 1893, the defendants bought 1600 gross of jars for $11,570.65 from plaintiff. Defendants gave notes for the whole amount of the purchase, which were paid. The plaintiff gave the following receipt for the notes.

"PHILADELPHIA, March 24, 1893.

"Received of S. Smucker & Co. 6 notes as follows:

| dated March 24, 1893, at 2 months for | | | | | | $2000 | 00 |
|---|---|---|---|---|---|---|---|
| " | 24 | " | 3 | " | " | 2000 | 00 |
| " | 15 | " | 4 | " | " | 2000 | 00 |
| " | 24 | " | 4 | " | " | 2000 | 00 |
| April | 1 | " | 4 | " | " | 2000 | 00 |
| " | 15 | " | 4 | " | " | 1570 | 65 |

"These notes are in settlement for 1600 gross fruit jars, being 250 gross pints, 950 gross quarts, and 400 gross half gallons of our best make, and to be delivered as ordered. These goods are insured in our policies for their benefit. This settlement does not include interest from September 30 to March 24 not yet settled.

"MASON FRUIT JAR CO.
"WM. GRANGE, Pt."

The words, "This settlement does not include interest from September 30 to March 24 not yet settled," were inserted in the receipt before signing against the protest of defendants.

On the trial of the case, the plaintiff claimed that the receipt of March 24, 1893, was a settlement between the parties of all matters except that the defendants still owed interest on the jars purchased in February, 1892, and not taken, from September, 1892, when plaintiff claimed they should have been taken,

to March 24, 1893, when the other jars were taken and paid for as of the last mentioned date, and that defendants were bound by the terms of the receipt dated March 24, 1893.

Defendants offered to show that they entered into a number of contracts partially in writing with the plaintiff, in which they were entitled to receive, at their option, at fixed prices, pints, quarts, and half-gallon glass jars to be taken to them on or before September 30, 1892; that the plaintiff agreed, as a part of said contract, that the jars to be furnished would be what are known in the trade as jars of standard weight; that a jar of standard weight is one which weighs 14 ounces; that upon their application to the plaintiff to furnish the jars under this contract, the plaintiff furnished jars which were not of a standard weight, and that having taken about 800 gross jars under the contract, the defendants refused to accept any more, unless they were furnished according to the terms of the contract, and were of standard weight; that this was not done by the plaintiff and for that reason they were refused by the defendants.

Offer objected to because not admissible under the pleadings. Objection sustained. Exception for defendants. [1]

When E. Smucker, one of the defendants, was on the stand, defendants' counsel asked him:

Q. Were you present when this receipt (indicating,) was given and signed? A. Yes, sir. Q. What was said at that time about interest due upon it, if anything?

Objected to, as the receipt speaks for itself, and says expressly that the question of the payment of interest is reserved. Objection sustained. Exception for defendants. [2]

Q. At that time did any member of your firm agree that interest was due?

Objected to. Objection sustained. Exception for defendants. [3]

Solomon Smucker, the other defendant, was asked:

Q. What was the conversation between you and Mr. Grange when this receipt was signed?

Objected to. Objection sustained. Exception for defendants. [4]

Q. Were the goods which were contracted for in 1892 ever delivered or tendered to you?

Objected to. Objection sustained. Exception for defendants. [5]

Q. (Indicating paper.) Was that paper a settlement of the account with the Mason Fruit Jar Company?

Objected to. Objection sustained. Exception for defendants. [6]

The court gave binding instructions for plaintiff. Verdict and judgment for plaintiff for $393.82. Defendants appealed.

*Errors assigned* were (1–6) rulings on evidence, quoting the bill of exceptions; (7) above instruction.

*Leoni Melick*, of *Melick & Potter*, for appellants.—There is a distinction as to oral testimony between solemn contracts, inter partes in writing executed and delivered, and receipts, the acknowledgment of one party only: Batdorf v. Albert, 59 Pa. 59.

The acceptance of a due bill on settlement and the giving of a receipt in full for the due bill are only prima facie evidence of settlement, and not conclusive, and may be explained by parol evidence: Gue v. Kline, 13 Pa. 60.

A plaintiff may contradict his own receipt by parol evidence: Bell v. Bell, 12 Pa. 235 ; Jones v. Patterson, 1 W. & S. 321.

*Edward D. McLoughlin*, for appellee.—A receipt is nothing more than an acknowledgment of delivery or payment, therefore it is evidence only of payment, not of a contract, and like all other admissions is not conclusive. This is undisputable, and is all that is established by the cases cited in appellants' book.

But when a receipt includes a memorandum of something to be done or a settlement of past and disputed transactions, or, upon the faith of the receipt, the condition of either party is altered, then it is either a contract and cannot be varied by parol evidence, or else it is conclusive by way of estoppel: Goodyear v. Ogden, 4 Hill, 104 ; Niles v. Culver, 8 Barb. 205 ; Brown v. Cambridge, 3 Allen, 474 ; Stone v. Vance, 4 Ham. (Ohio) 246 ; Taylor on Evidence, 8th Eng. ed. sec. 1133 ; 1 Chitty on Cont., 11th Am. ed. 151 ; 1 Greenleaf on Ev. 13th ed. sec. 305 ; Jessop v. Ivory, 37 W. N. C. 265.

Even if this paper were a mere receipt, the appellant's testi-

mony was rightly excluded, because no proper ground was laid for its introduction: Fuller v. Crittenden, 9 Conn. 406 ; Harris v. Hay, 111 Pa. 562; Alner v. George, 1 Camp. 392.

A receipt in full is binding where there was no misapprehension, fraud or mistake.

OPINION BY MR. JUSTICE MCCOLLUM, March 2, 1896 :

In February, 1892, the defendants gave orders, which were accepted by the plaintiffs, for two thousand four hundred and fifty gross of fruit jars, to be taken by them on or before the 30th of September following.   They received and paid for eight hundred gross but refused to take the balance on the ground, as they alleged, that the plaintiffs were not furnishing jars in accordance with the contract between them.   Thereupon the plaintiffs charged the balance of the jars to wit, one thousand six hundred and fifty gross, on their books to the defendants, and the jars so charged amounted to $15,000 or more.   The plaintiffs claimed that they had furnished jars in accordance with their contract and that the defendants ought to accept them, while the defendants contended that the jars were not such as they ordered and persisted in their refusal to take them. The dispute between the parties was finally settled on the 24th of March, 1893, by an arrangement, under which the defendants were to purchase one thousand six hundred gross of fruit jars, of the size and kind they wanted for their trade, for $11,570.65, and the plaintiffs were to cancel, or as their president expressed it, to "wipe out" the old contracts existing between them.   The defendants gave their notes for the price and have paid them. The plaintiffs gave a receipt for the notes, in which they said " these notes are in settlement for one thousand six hundred gross fruit jars . . . . of our best make, and to be delivered as ordered."   They also added to the receipt against the protest of the defendants these words : " This settlement does not include interest from September 30 to March 24 not yet settled." Their only disputed claim in this action is that they are entitled to interest on $11,570.65 for that time.   The learned court below apparently considering the receipt as conclusive of their right to the interest claimed ordered a verdict for them for the amount of it.   There was no evidence before the court of any agreement to pay interest upon any sum for any time previous to the execution of the notes, unless it can be found

in the receipt. If the defendants admitted that under the arrangement effected by the parties on the 24th of March they were liable for interest on $11,570.65 from September 30, and claimed that they paid the same at or before the execution of the notes, the receipt would undoubtedly be persuasive if not conclusive evidence against their claim. The reference in the receipt to interest was consistent with an existing dispute between the parties concerning it, and with a purpose to exclude any inference or presumption that it was included in the settlement on which the notes were given. But we do not think that the receipt alone will authorize or support a verdict against the defendants for the interest to which it refers. It does not allege that the defendants promised to pay this interest or mention any sum on which the plaintiffs' claimed it. As the receipt does not disclose an agreement respecting the payment of interest the parties who allege that there was such an agreement must prove it, and the parties who deny that it was made must be allowed to introduce any relevant and competent evidence to support their denial. In our view of the case, evidence tending to establish or to negative the existence of an agreement by the defendants to pay the plaintiffs the interest claimed is admissible, and the objection that it enlarges, qualifies, or contradicts the receipt is not well taken. It follows from what has been said that the defendants should have been allowed to answer the plaintiffs' case by showing that they did not agree to pay the plaintiffs interest on any sum from September 30, 1892, to March 24, 1893. The conversations between the parties in relation to the interest, whether occurring at, before, or subsequent to, the execution of the notes and the receipt, are relevant.

It seems that the offer embraced in the first specification was rejected on the ground that it was inadmissible under the pleadings. We are not prepared to say that this ruling was erroneous, but we think that under proper pleadings the matter offered should and doubtless would have been admitted in answer to the testimony of Grange on the subject to which it relates. The objection on which the offer was rejected in the court below can be removed by an amendment of the pleadings and compliance with the rule of court.

The 2d, 3d, 4th and seventh specifications are sustained.

Judgment reversed and venire facias de novo awarded.